## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | CASE NO. | 09-B-30984 |
|---|---|---|---|
| DATE | September 10, 2010 | ADVERSARY NO. | 09-A-01203 |
| CASE TITLE | \multicolumn{3}{c}{Grace A. Distilo, Debtor<br><br>Joseph Palumbo, Plaintiff<br>v.<br>Grace A. Distilo, Defendant.} |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Plaintiff's motion for summary judgment is GRANTED.

■ [ For further details see text below.]

## Memorandum Opinion

### I. Procedural and Factual Background

This matter is before the Court on a motion for summary judgment by the plaintiff in an adversary proceeding seeking to declare a debt non-dischargeable.

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that there is no genuine issue of material fact in dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986). In determining whether the movant has met its burden, the Court should consider all reasonable inferences in a

light most favorable to the nonmovant. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S.Ct. 1348 (1986).

Local Rule 7056-1 requires a party bringing a motion for summary judgment to submit a statement of facts supporting the motion, and Local Rule 7056-2 requires the party opposing the motion for summary judgment to submit a concise response to the movant's statement of facts. The Plaintiff has submitted a statement of facts, but the Defendant has failed to submit a response to such statement of facts despite the Court granting her the opportunity to do so. Therefore, in accordance with Local Rule 7056-2(B), all material facts set forth in the Plaintiff's statement of fact are deemed to be admitted. <u>See, e.g.</u>, <u>James v. Cadillac Co. Inc.(In re James)</u>, No. 08-A-01018, 2010 WL 771765, *7 (Bankr. N.D. Ill. Mar. 3, 2010) (Sonderby, J.) (noting strict application of local rules in the Seventh Circuit, but noting that, while the failure to file a response is a deemed admission of facts, summary judgment is not appropriate if the movant fails to meet the standard for summary judgment despite the deemed admission).

The Plaintiff hired Larry Distilo d/b/a Signature Builders Group, Inc. ("Builders") on July 10, 2008, to remodel his residence. The Defendant acted on behalf of Builders as a designer and decorator to coordinate the purchase of specific pieces of personal property for the Plaintiff's residence. The Plaintiff directed the Defendant to arrange and coordinate the purchase of specific personal property for the residence, including theatre furniture, two couches, three ottomans, two rows of theatre seats, a Texas hold-em table, game chairs, bar stools, and a theatre bar (the "Home Goods"). In order to induce the Plaintiff to make payment to her directly, the Defendant intentionally and falsely misrepresented that she had placed orders for the Home Goods from three separate suppliers, that none of the suppliers would accept a personal check from the Plaintiff, and that if the Plaintiff wrote checks to the Defendant she would use the funds solely for the purpose of purchasing the Home Goods. In reliance on the misrepresentations of the Defendant, which she knew to be false at the time she made them and which she made with intent to deceive the Plaintiff, the Plaintiff wrote and delivered checks to the Defendant for the purchase of the Home Goods. The checks were all made payable to the Defendant and consisted of a check for $14,130.50 on July 24, 2008, for $20,706 on August 20, 2008, and for $5,108 on November 17, 2008, totaling $39,944.50. The Defendant placed an order for the theatre seats, one couch and one ottoman, with a total price of $14,130.50, but only attempted to pay for such order with a personal check from her own account which was returned for insufficient funds. She never placed an order for the other furniture, and did not use the proceeds of the Plaintiff's checks to purchase any of the Home Goods. Instead, she used the proceeds for her own personal use. The Plaintiff therefore seeks to find that the $39,994.50 in damages he suffered are non-dischargeable under 11 <u>U.S.C.</u> § 523(a)(2)(A) or § 523(a)(4).

II. Discussion
a. Section 523(a)(2)(A)

Under Section 523(a)(2)(A) of the Bankruptcy Code, a discharge in bankruptcy does not discharge a debt:

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; ...

11 <u>U.S.C.A.</u> § 523(a)(2) (West 2009). To state a claim under the false representation prong of § 523(a)(2)(A), the creditor must allege the following elements: "(1) the debtor made a false representation of fact; (2) which the debtor (a) either knew to be false or made with reckless disregard for its truth and (b) made with an intent to deceive; and (3) the creditor justifiably relied on the false representation." <u>Deady v. Hanson (In re Hanson)</u>, 432

B.R. 758, 771 (Bankr. N.D. Ill. July 13, 2010) (Squires, J.) (citing <u>Ojeda v. Goldberg</u>, 599 F.3d 712, 716-17 (7th Cir. 2010)).

Here, in order to induce the Plaintiff to write and deliver the first check to the Defendant, she intentionally misrepresented that none of the suppliers would accept a check from the Plaintiff and that if he wrote a check to her she would use the proceeds of the check solely to purchase the requested home furnishings. In order to induce the Plaintiff to write and deliver the second and third checks to the Defendant, she made the same misrepresentations and made the further representations that she had used the first check to pay for the first batch of home furnishings and that she had ordered additional furniture, both of which representations were false. By operation of Local Rule 7056-2(B), the Defendant has admitted that the statements were false and that they were made with an intent to deceive. The Plaintiff has also demonstrated that it was justifiable for him to rely on the Defendant's representations as to how and when the suppliers would accept payment. The Plaintiff was relying on the Defendant to arrange and complete the purchases of the Home Goods, and the Plaintiff was not directly communicating with the suppliers. Furthermore, the Defendant prepared and forwarded detailed invoices, which supported her misrepresentations that she had actually placed orders for furniture and that the requested funds would be used toward the payment for specific pieces of furniture. The Plaintiff has therefore met his burden of demonstrating that his claim for damages of $39,944.50 against the Debtor is non-dischargeable under Section 523(a)(2)(A), and the Defendant has raised no genuine issue of material fact.

    **b.**    **Section 523(a)(4)**

Under Section 523(a)(4), "(a) A discharge under section 727 . . . does not discharge an individual debtor from any debt- . . . . (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]" 11 <u>U.S.C.A.</u> § 523(a)(4) (West 2009). The meaning of these terms is a question of federal law. <u>Delic v. Brown (In re Brown)</u>, No. 08-A-00936, 2009 WL 2461241, at *5 (Bankr. N.D. Ill. Aug. 11, 2009) (citing <u>In re McGee</u>, 353 F.3d 537, 540 (7th Cir. 2003)). "Fraud" for purpose of this exception has generally been interpreted as involving intentional deceit, rather than implied or constructive fraud. <u>Brown</u>, 2009 WL 2461241, at *5 (citing <u>In re Tripp</u>, 189 B.R. 29 (Bankr. N.D.N.Y. 1995); <u>In re McDaniel</u>, 181 B.R. 883 (Bankr. S.D. Tex. 1994); 4 COLLIER ON BANKRUPTCY 523.10[1][a] (15th ed. 2008)). The Plaintiff admits that the Defendant did not act in a fiduciary capacity with respect to the Plaintiff, but claims that her acts constituted embezzlement. 'Embezzlement' for purposes of Section 523(a)(4) has been defined as the "fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." <u>In re Weber</u>, 892 F.2d 534, 538 (7th Cir. 1989) (internal citations omitted). To prove embezzlement, the creditor must show that "(1) the debtor appropriated funds for his or her own benefit; and (2) the debtor did so with fraudulent intent or deceit." <u>Id.</u>; see also <u>Wallner v. Liebl (In re Liebl)</u>, No. 08-A-00689, 2010 WL 3018331, at *4 (Bankr. N.D. Ill. 2010) (Schmetterer, J.). Embezzlement "differs from larceny only in that embezzlement requires that the original taking was lawful, or at least with the consent of the owner, unlike larceny, which requires that felonious intent exist at the time of the taking." <u>In re Hanson</u>, 432 B.R. at 775 (citing <u>Kaye v. Rose (In re Rose)</u>, 934 F.2d 901, 903 (7th Cir.1991)).

As noted above, by operation of Local Rule 7056-2(B) the Defendant has admitted that she intentionally and fraudulently induced the Plaintiff to write checks payable to her totaling $39,944.50, by making false statements that she would use the funds to purchase specific home furnishings on behalf of the Plaintiff and that the payment had to be made directly to the Defendant rather than the suppliers. The Defendant also admitted that she converted the proceeds of the checks to her personal use, did not use the funds to purchase the Home Goods for which purpose they were entrusted, and has not otherwise paid for the Home Goods or refunded any proceeds to the Plaintiff. The Plaintiff has therefore met his burden of demonstrating that his claim for

damages of $39,944.50 against the Debtor is non-dischargeable under Section 523(a)(4), and the Defendant has raised no genuine issue of material fact.

### III. Conclusion

For the reasons set forth above, the Plaintiff's motion for summary judgment is GRANTED, and a judgment of $39,944.50, plus pre-judgment interest accruing from November 23, 2009,[1] shall be entered in favor of Plaintiff and against the Defendant, which amount shall be non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4).

A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

September 10, 2010

Judge Manuel Barbosa

---

[1] See, e.g., Pierce v. Pyritz, 200 B.R. 203, 206 (N.D. Ill. 1996) (finding that 28 U.S.C. § 1916 was applicable to prejudgment interest for embezzlement claim and that where underlying debt was nondischargeable under 11 U.S.C. § 523(a)(4), plaintiff "can recover pre- and post-petition prejudgment interest").

## CERTIFICATE OF MAILING

The undersigned hereby certifies that the attached <u>Memorandum Opinion</u> has been served via First Class Mail on September 13, 2010 to:

Grace A. Distilo
35W204 Duchesne Dr.
West Dundee, IL 60118

Gregory K. Stern
Gregory K. Stern, PC
53 W. Jackson Blvd., Suite 1442
Chicago, IL 60604

_____
Mimi Kuczynski, Judicial Secretary